842 So.2d 734 (2001)
Charles Louis PETERSON
v.
STATE.
CR-00-1417.
Court of Criminal Appeals of Alabama.
August 31, 2001.
Opinion on Return to Remand November 30, 2001.
Opinion on Return to Second Remand February 1, 2002.
Opinion on Return to Third Remand April 26, 2002.
*735 Katrina McCan Mu'Min, Birmingham, for appellant.
William H. Pryor, Jr., atty. gen., and Cecil G. Brendle, asst. atty. gen., for appellee.
BASCHAB, Judge.
The appellant, Charles Louis Peterson, was indicted for capital murder. In 1997, he pled guilty to felony-murder and first-degree robbery. The trial court sentenced him to serve consecutive terms of thirty years in prison on the felony-murder conviction and twenty years in prison on the first-degree robbery conviction. He did not appeal his convictions. On July 25, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render judgments and impose sentences in his case. Specifically, he contends that his convictions for both felony-murder and first-degree robbery violate double jeopardy principles and that he should not have been convicted of two offenses because only one indictment was returned against him. The appellant's double jeopardy claim may be meritorious. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding the appellant's double jeopardy claim. On remand, the circuit court may require the State to respond specifically to the appellant's double jeopardy claim and/or may conduct an evidentiary hearing on that claim. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

On Return to Remand
BASCHAB, Judge.
The appellant, Charles Louis Peterson, was indicted for capital murder. In 1997, he pled guilty to felony-murder and first-degree robbery. The trial court sentenced him to serve consecutive terms of thirty *736 years in prison on the felony-murder conviction and twenty years in prison on the first-degree robbery conviction. He did not appeal his convictions. On July 25, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. On August 31, 2001, we remanded this case for the circuit court to make specific, written findings of fact regarding the appellant's double jeopardy claim. See Peterson v. State, 842 So.2d 734 (Ala.Crim.App.2001).
On remand, the circuit court did not make specific findings of fact regarding the appellant's double jeopardy claim. Rather, it simply stated that the appellant's claim was precluded and was without merit. However, the appellant alleged that he was indicted for murder made capital because he committed it during the course of a robbery. See § 13A-5-40(a)(2), Ala.Code 1975. He further asserted that he was convicted of felony-murder, for which the underlying offense was robbery, and first-degree robbery. Therefore, he concluded that his convictions for both offenses violated double jeopardy principles.
On remand, the circuit court stated in its order that the appellant's double jeopardy claim "has previously been affirmed on direct appeal by the Court of Criminal Appeals and on the initial Rule 32 proceeding." (Return to Remand.) However, the appellant did not appeal his conviction. Additionally, we did not address the double jeopardy claim the appellant now raises when we affirmed the denial of his previous Rule 32 petition. See Peterson v. State, (CR-97-1814) 744 So.2d 962 (Ala.Crim.App.1998) (table). Finally, the appellant's double jeopardy claim challenges the jurisdiction of the court to render judgments and impose sentences. See Rolling v. State, 673 So.2d 812 (Ala.Crim.App.1995). Therefore, because the appellant's specific claim has not been addressed on the merits in any previous proceeding, the circuit court improperly determined that the claim is precluded.
The circuit court found that the appellant's claim was not meritorious because "Felony Murder includes many possible offenses including Burglary in the first or second degree, which the evidence herein would support a conviction." (Return to Remand.) However, it did not make any findings as to what the indictment against the appellant alleged. Additionally, the record before this court does not include a copy of the indictment, the amended indictment, the plea agreement, or a transcript of the plea proceedings. If the appellant was indicted for an intentional murder committed during the course of a robbery, then an unintentional murder committed during the course of a burglary is not an included offense. See generally Ex parte Dixon, 804 So.2d 1075 (Ala.2000). Therefore, if his felony-murder conviction was based on an underlying burglary, it must be set aside. See Johnson v. State, 675 So.2d 85 (Ala.Crim.App.1995). Furthermore, if the appellant's convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles. See Weaver v. State, 763 So.2d 972 (Ala.Crim.App.1998), rev'd on other grounds, 763 So.2d 982 (Ala.1999).
For these reasons, we again remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding the allegations contained in the indictment against the appellant and the felony that provided the basis for the felony-murder conviction. If the circuit court determines that the appellant should not have been allowed to plead *737 guilty to both felony-murder and first-degree robbery, it may grant appropriate relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact. In addition, if such documents are available, the return to remand shall include copies of the indictment, the amended indictment, the plea agreement, and the transcript of the plea proceedings.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

On Return to Second Remand
BASCHAB, Judge.
The appellant, Charles Louis Peterson, was indicted for capital murder. In 1997, he pled guilty to felony-murder and first-degree robbery. The trial court sentenced him to serve consecutive terms of thirty years in prison on the felony-murder conviction and twenty years in prison on the first-degree robbery conviction. He did not appeal his convictions. On July 25, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. On August 31, 2001, we remanded this case for the circuit court to make specific, written findings of fact regarding the appellant's double jeopardy claim. See Peterson v. State, 842 So.2d 734 (Ala.Crim.App.2001). On remand, the circuit court did not make specific findings of fact regarding the appellant's double jeopardy claim. Therefore, we again remanded this case to the circuit court with instructions that that court make specific, written findings of fact regarding the allegations contained in the indictment against the appellant and the felony that provided the basis for the felony-murder conviction. See Peterson v. State, 842 So.2d 734, 735 (Ala.Crim.App. 2001). On December 17, 2001, the circuit court submitted its return to this court's second remand.
The appellant argues that the trial court did not have jurisdiction to render judgments and impose sentences in his case. Specifically, he contends that his convictions for both felony-murder and first-degree robbery violate double jeopardy principles. The indictment, which is included in the record on the return to second remand, alleged that the appellant
"did intentionally cause the death of Eddie Allen by shooting him with a pistol and caused said death during the time that [the appellant] was in the course of committing a theft of lawful currency and/or coinage of the United States of America, a better description of which is unknown to the Grand Jury, of some value, the value of which is unknown to the Grand Jury, the property of Eddie Allen and/or Burger King, by the use of force against the person of Eddie Allen, with intent to overcome his physical resistance or physical power of resistance, while [the appellant] was armed with a deadly weapon or dangerous instrument, to-wit: pistol, a better description of which is unknown to the Grand Jury, in violation of Section 13A-5-40 of the Code of Alabama 1975 as amended, against the peace and dignity of the State of Alabama."
(C.R. 25.) Thus, the appellant was indicted for the capital offense of robbery-murder. The record on the return to second remand also indicates that, when she established the factual basis for the acceptance of the plea, the prosecutor stated:

*738 "Your Honor, the State's evidence would be that Mr. Eddie Allen was the manager of the Burger King on Carter Hill Road in Montgomery County, Alabama, and that while at work two men forced their way into the business. They robbed the business and Mr. Allen and shot and killed him."
(C.R. 314.)
In its order on the return to second remand, the circuit court found:
"The factual basis was sufficient for conviction for felony murder committed during a robbery or burglary and separately a robbery charge."
However, in our opinion on the first return to remand, we stated:
"If the appellant was indicted for an intentional murder committed during the course of a robbery, then an unintentional murder committed during the course of a burglary is not an included offense. See generally Ex parte Dixon, 804 So.2d 1075 (Ala.2000). Therefore, if his felony-murder conviction was based on an underlying burglary, it must be set aside. See Johnson v. State, 675 So.2d 85 (Ala.Crim.App.1995). Furthermore, if the appellant's convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles. See Weaver v. State, 763 So.2d 972 (Ala.Crim.App. 1998), rev'd on other grounds, 763 So.2d 982 (Ala.1999)."
Peterson, 842 So.2d at 736. The circuit court's finding is not sufficiently specific to establish the offense underlying the felony-murder conviction. Accordingly, we again remand this case to the circuit court with instructions that it make specific, written findings of fact as to whether the felony-murder conviction was based on an underlying burglary or robbery. Because the appellant was indicted for robbery-murder, he could not have properly pled guilty to felony-murder based on an underlying burglary. Therefore, if the circuit court determines that the felony-murder conviction was based on an underlying burglary, it shall vacate the felony-murder conviction. Alternatively, if the circuit court determines that the appellant pled guilty to felony-murder based on an underlying robbery, it shall make specific, written findings of fact as to what robbery provided the basis for the felony-murder conviction and what robbery provided the basis for the first-degree robbery conviction. If the circuit court determines that the same robbery provided the basis for both the felony-murder conviction and the first-degree robbery conviction, then the felony-murder conviction encompasses the first-degree robbery conviction, and the circuit court shall vacate the first-degree robbery conviction. See Dorsey v. State, [Ms. CR-97-1522, May 25, 2001] ___ So.2d ___ (Ala. Crim.App.2001). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and its order, if any.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

On Return to Third Remand
BASCHAB, Judge.
The appellant, Charles Louis Peterson, was indicted for capital murder. In 1997, he pled guilty to felony-murder and first-degree robbery. The trial court sentenced him to serve consecutive terms of thirty years in prison on the felony-murder conviction and twenty years in prison on the *739 first-degree robbery conviction. He did not appeal his convictions. On July 25, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition, and the appellant appealed the dismissal to this court.
On August 31, 2001, we remanded this case for the circuit court to make specific, written findings of fact regarding the appellant's double jeopardy claim. See Peterson v. State, 842 So.2d 734 (Ala.Crim. App.2001). On remand, the circuit court did not make specific findings of fact regarding the appellant's double jeopardy claim. Therefore, we again remanded this case to the circuit court with instructions that that court make specific, written findings of fact regarding the allegations contained in the indictment against the appellant and the felony that provided the basis for the felony-murder conviction. See Peterson v. State, 842 So.2d 734, 735 (Ala. Crim.App.2001). On remand, the circuit court again did not make sufficiently specific findings of fact regarding the appellant's double jeopardy claim. Therefore, for a third time, we remanded this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the appellant's felony-murder conviction was based upon an underlying robbery or burglary and, if the felony-murder conviction was based upon an underlying robbery, to determine what robbery provided the basis for the felony-murder conviction and what robbery provided the basis for the first-degree robbery conviction. See Peterson v. State, 842 So.2d 734, 737 (Ala.Crim.App.2002).
On March 13, 2002, the circuit court submitted its return to this court's third remand. On remand, the State filed a "Motion to Reinstate," in which it stated that the felony-murder conviction and the robbery conviction were both based upon the same robbery and noted that, based on this court's opinion, the circuit court must set aside the robbery conviction and sentence. However, the State argued that the terms of the plea agreement had been significantly altered and asked the circuit court to set aside both of the appellant's convictions and sentences and to reinstate the indictment against him. Subsequently, the circuit court granted the State's motion, set aside both of the appellant's convictions and sentences, and reinstated the indictment against him.
The circuit court did not make specific, written findings of fact as to whether the felony-murder conviction was based on an underlying burglary or robbery and, if the felony-murder conviction was based on an underlying robbery, what robbery provided the basis for the felony-murder conviction and what robbery provided the basis for the robbery conviction. Rather, it set aside both convictions and reinstated the indictment against the appellant. However, in our remand order, we instructed the circuit court to set aside the appellant's felony-murder conviction if it determined that that conviction was based upon an underlying burglary. Additionally, we instructed the circuit court to set aside the appellant's robbery conviction if it determined that the felony-murder conviction was based upon an underlying robbery and that the same robbery provided the basis for the appellant's felony-murder conviction and his robbery conviction.
"Pursuant to the Alabama Supreme Court's holding in Lynch v. State, 587 So.2d 306 (Ala.1991), any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction. See also Ellis v. State, 705 *740 So.2d 843, 847 (Ala.Crim.App.1996) (stating that on remand, `the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court')."
Anderson v. State, 796 So.2d 1151, 1156 (Ala.Crim.App.2000). It appears that the circuit court's actions exceeded the scope of our remand order and that the circuit court did not have jurisdiction to set aside both of the appellant's convictions and to reinstate the indictment against him. See Anderson, supra. Therefore, its order setting aside both of the appellant's convictions and reinstating the indictment against him is void.
Because the circuit court did not comply with our instructions, we must again remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the felony-murder conviction was based on an underlying burglary or robbery. If the circuit court determines that the felony-murder conviction was based on an underlying burglary, it shall vacate the felony-murder conviction. Alternatively, if the circuit court determines that the appellant pled guilty to felony-murder based on an underlying robbery, it shall make specific, written findings of fact as to what robbery provided the basis for the felony-murder conviction and what robbery provided the basis for the first-degree robbery conviction. If the circuit court determines that the same robbery provided the basis for both the felony-murder conviction and the first-degree robbery conviction, then the felony-murder conviction encompasses the first-degree robbery conviction, and the circuit court shall vacate the first-degree robbery conviction. See Dorsey v. State, [Ms. CR-97-1522, May 25, 2001] ___ So.2d ___ (Ala.Crim.App.2001). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and its order, if any.
REMANDED WITH INSTRUCTIONS.[*]
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On August 2, 2002, on return to fourth remand, the Court of Criminal Appeals dismissed the appeal, without opinion.